# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| JACE N., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | No. ED CV 18-01497-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Jace N. ("Plaintiff") appeals from the Social Security Commissioner's final decision denying his application for Supplemental Security Income ("SSI").[1] The Commissioner's decision is reversed and this case is remanded.

## I. BACKGROUND

Plaintiff applied for SSI on August 11, 2014, alleging disability beginning on March 1, 2011. See Dkt. 16, Administrative Record ("AR") 80-93. After being denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). See AR 112-40. A hearing was

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

held on February 6, 2017, at which Plaintiff and an impartial vocational expert testified. See AR 47-79. On May 30, 2017, the ALJ issued a written decision finding Plaintiff ineligible for disability benefits. See AR 30-45.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his application date. See AR 35. The ALJ next found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine and fractures of the upper extremities. See id. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work with the following limitations: "lift/carry 50 pounds occasionally, 25 pounds frequently; can stand/walk for 6 hours out of an 8-hour day; can [s]it for 6 hours out of an 8-hour day; can perform all postural activities on a frequent basis." AR 36.

Based on the evidence of record, the ALJ found that Plaintiff could perform his past relevant work as an odd job worker (DOT 301.687-010), both generally and as actually performed. See AR 39. In the alternative, the ALJ found that Plaintiff could perform jobs existing in the national economy, including hand packager (DOT 920.597-018), laundry laborer (DOT 361.687-018), and industrial cleaner (DOT 381.687-018). See AR 40.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-6. This action followed. See Dkt. 1.

## II. DISCUSSION

The parties dispute whether the ALJ properly (1) found that Plaintiff had no severe mental impairments, (2) determined Plaintiff's RFC, and (3) developed the record. See Dkt. 20, Joint Statement ("JS") at 2-3.

### A. Severe Mental Impairment

Plaintiff argues that the ALJ erred in evaluating his mental impairments and in finding that those impairments were not severe. See JS at 3-5.

At Step Two, the claimant bears the burden of showing that he has a medically severe impairment or combination of impairments. See 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting SSR No. 96-3(p) (1996)).

In making this determination as to claimed mental impairments, an ALJ is required to follow the process set forth in 20 C.F.R. § 416.920a. See Keyser v. Comm'r SSA, 648 F.3d 721, 725 (9th Cir. 2011). This regulation requires the application of a special psychiatric review technique beginning with a determination as to whether an applicant has a medically determinable mental impairment. See 20 C.F.R. § 416.920a(b). Next, the ALJ must rate the degree of limitation for four distinct functional areas, see id. § 416.1920a(c), and then determine the severity of the mental impairment (in part, based on the degree of limitation in functioning), see id. § 416.1920a(d).

"When evaluating psychiatric impairments such as . . . depression, the ALJ must follow a 'special psychiatric review technique' and document his findings and conclusions in his decision." Chaudhry v. Astrue, 688 F.3d 661, 670 (9th Cir. 2012) (quoting Keyser, 648 F.3d at 725). "Specifically, the written decision must incorporate the pertinent findings and conclusions based on the technique and must include a specific finding as to the degree of limitation in each of the functional areas." Keyser, 648 F.3d at 725 (quotation and citation omitted). Failure to do so "is not harmless if the claimant has a colorable claim of mental impairment." Id. at 726 (quotation and citation omitted).

Here, the ALJ did not employ this procedure. Instead, the ALJ found that Plaintiff's impairments of depressive disorder and polysubstance dependence were not severe, as Plaintiff sought "minimal mental health treatment or counseling," and had "never been hospitalized" nor "alleged any

period where he was unable to function for an extended period due to any mental health issues." AR 35.

The Commissioner concedes that the ALJ "should have performed a 20 C.F.R. § 416.920a analysis," but argues that the error is harmless "because there is no evidence suggesting more than moderate mental limitations." JS at 7. As described in Keyser, however, an ALJ's failure to apply the special psychiatric review technique is not harmless "if the claimant has a colorable claim of mental impairment." 648 F.3d at 726 (quotation and citation omitted). A claim is colorable if it is not "wholly insubstantial, immaterial, or frivolous." Boettcher v. Sec'y of Health & Human Servs., 759 F.2d 719, 722 (9th Cir. 1985).

The record contains the following evidence in support of Plaintiff's claims: (1) office treatment records from the San Bernardino County Department of Behavioral Health assessing Plaintiff with major depressive disorder and polysubstance dependence, see AR 272-84; (2) office treatment records from a psychiatrist, diagnosing Plaintiff with bipolar disorder with moderate symptoms, see AR 328-29, 343-46; and (3) Plaintiff's testimony and function report indicating problems with others, auditory hallucinations, and anger issues, among other things, see AR 56, 63-65, 225, 230. Altogether, this evidence—although far from overwhelming—is sufficient to demonstrate that Plaintiff has a "colorable claim of mental impairment." Keyser, 648 F.3d at 726.[2]

The Court thus concludes that the ALJ erred in failing to adhere to the procedure described in 20 C.F.R. § 416.920a and that the error was not harmless. The Court will remand the case so that the ALJ can engage in the

---

[2] Notably, the Commissioner does not contend that Plaintiff does not have a colorable claim of mental impairment.

analysis required by 20 C.F.R. § 416.920a for Plaintiff's depressive disorder and polysubstance dependence.

## B. Remaining Claims

Plaintiff also argues that the ALJ erred in determining his RFC and in failing to properly develop the record. See JS at 9-14. The Court declines to address these claims at this time because the disability determination may change significantly once the Step Two error is corrected. See Haverlock v. Colvin, No. 12-2393, 2014 WL 670202, at *5 n.4 (E.D. Cal. Feb. 20, 2014) ("In light of the remand required by the ALJ's error at step two, the court need not address plaintiff's remaining claims.").

## III. CONCLUSION

The decision of the Social Security Commissioner is reversed and this case is remanded.

IT IS SO ORDERED.

Date: October 7, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge